**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NICOLE EDWARDS,

    Plaintiff,

vs.                                                                                    CASE NO. 3:12-cv-842-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]

_____

### ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated October 31, 2012 (Doc. 9). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **AFFIRMED.**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Procedural History

Plaintiff filed applications for a period of disability and disability insurance benefits, alleging disability beginning September 2, 2009. Plaintiff's applications were denied initially and upon reconsideration (Tr. 84-93). Plaintiff requested an administrative hearing, which was held on October 6, 2011 (Tr. 23-75). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on January 4, 2012 (Tr. 11-18). Plaintiff filed a request for review, which was denied by the Appeals Council on May 29, 2012 (Tr. 1-7). Plaintiff filed the instant action on July 25, 2012 (Doc. 1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). First, if a claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In the instant case, the ALJ found Plaintiff met the Social Security Act's insured status requirements through December 31, 2015 (Tr. 13). At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 2, 2009, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff suffered from the following severe impairments: neuromyelitis optica and vision loss of the right eye. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13-14). At step four, the ALJ found Plaintiff had the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(b) with the following limitations:

> The claimant is able to lift and/or carry ten pounds occasionally and ten pounds or less frequently. She can sit, with normal breaks, for a total of about six hours in an eight-hour workday. The claimant can stand and/or walk, with normal breaks, for about two hours in an eight-hour workday. The claimant's ability to push and/or pull (including operation of hand and/or foot controls) is unlimited, other than as limited by lifting/carrying above. The claimant can never climb ladders, ropes, or scaffolds. She can occasionally perform other postural activities such as climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can frequently use her fingers to perform feeling activities. She can occasionally perform tasks requiring depth perception (three-dimensional vision). Because of her loss of right eye vision, the claimant must avoid exposure to hazards such as dangerous moving mechanical parts and unprotected heights.

(Tr. 14). Considering this RFC, the ALJ found Plaintiff was able to perform her past relevant work as a benefits clerk II and credit clerk. (Tr. 17). Therefore, the ALJ found Plaintiff was not under a disability at any time from September 2, 2009, the alleged onset date, through the date of his decision (Tr. 18).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

On appeal, Plaintiff argues the ALJ erred by not giving appropriate weight to the opinions of Plaintiff's treating physician Dr. Elizabeth Shuster. Plaintiff argues her treating neurologists Dr. Shuster and Dr. Thomas Snyder are in a much better position to evaluate the plaintiff's medical condition than the non-examining State Agency physician.

The ALJ must base his RFC assessment on "*all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. 1996) (emphasis added); *see also Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations). Social Security Ruling 96-8p further provides, "The adjudicator must consider all allegations of physical and mental limitations or restrictions." *Id.*

The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d at 1440. An ALJ must consider and evaluate every medical opinion received. 20 C.F.R. § 404.1527. In assessing the medical evidence, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). In addition, it is well established in the Eleventh Circuit that, generally, substantial weight must be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is "good cause" to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). The Eleventh Circuit has concluded "good cause" exists when a treating physician's opinion is: (1) not bolstered by the evidence; (2) contrary to the evidence; or (3) inconsistent with the treating physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. "Where the ALJ articulated specific

reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court cannot "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 300 Fed. Appx. 741, 743 (11th Cir. 2008).[3]

In the instant case, the ALJ stated he gave "no weight" to "Dr. Elizabeth A. Shuster's September 8, 2010, statement in lieu of medical evidence, that the claimant's impairments would make 'employment success' unlikely, because this issue is one that is reserved to the Commissioner and because the opinion is not supported by any clinical findings. Indeed, the statement does not specify any work limitations nor identify what is meant by 'employment success'" (Tr. 17).

The undersigned finds the ALJ provided sufficient reasons to reject Dr. Shuster's opinion. "A doctor's opinion on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is no given special weight, even if it is offered by a treating source, but the ALJ should still consider the opinion." *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 834 (11th Cir. 2011) (citing 20 C.F.R. § 404.1527(e)); *see also Miles v. Soc. Sec. Admin., Comm'r*, 469 Fed. Appx. 743, 745 (11th Cir. 2012) ("[A] medical source's statement that a claimant is 'unable to work' or 'disabled' does not bind the ALJ, who alone makes the ultimate determination as to disability under the regulations."). It is clear from the ALJ's decision that he considered Dr. Shuster's opinion that Plaintiff's impairments would make

---

[3] Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

7

employment success unlikely and articulated reasons why he was giving the opinion "no weight."  The reasons given by the ALJ are supported by the record.  Dr. Shuster's letter reflects several diagnoses and resulting symptoms but does not indicate in any way the limitations these place on Plaintiff's ability to work, a requisite to a finding of disability.  *See Osborn v. Barnhart*, 194 Fed. Appx. 654, 667 (11th Cir. 2006).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *Edwards*, 937 F.2d at 583; *see also* 20 C.F.R. 404.1527(d)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion.").  A physician's summary of diagnoses which fails to explain specific work-related limitations is conclusory and may be properly discounted.  *See Osborn*, 194 Fed. Appx. at 667; *Martinez v. Astrue*, No. 8:08-cv-1134-T-TGW, 2009 WL 2163115, at *3 (M.D. Fla. July 20, 2009).

It is also clear the ALJ considered both Dr. Shuster and Dr. Snyder's treatment records and notes in making his determination, as he discussed these records in his opinion.[4]  After considering these reports along with all of the other evidence in the record, the ALJ found "the objective medical reports of treating and examining practitioners as well as specific findings made on clinical examinations and evaluations do not support the level of impairment severity alleged by the claimant" (Tr. 17).  The ALJ noted Plaintiff testified she drives an automobile, "which requires a particular degree of visual efficiency and manual dexterity as well as the ability to maintain prolonged concentration and attention,"

---

[4] Dr. Snyder did not submit a medical source opinion statement.  However, in his March 16, 2010 notes, Dr. Snyder stated, "I still feel she should be on long term disability" (Tr. 292).  Plaintiff does not argue the ALJ erred in failing to credit this opinion, and for the same reasons identified above with respect to Dr. Shuster's similar opinion, the Court finds no error.

8

and other reported daily routine activities were inconsistent with her claims of disability. The Eleventh Circuit has held an ALJ does not need to give considerable weight to a treating physician's opinion "if evidence of the claimant's daily activities contradict[s] the opinion." *Forrester v. Comm'r of Soc. Sec.*, 455 Fed. Appx. 899, 902 (11th Cir. 2012). The ALJ also noted Plaintiff's vision was stable and her gait had improved. In sum, it is clear the ALJ based his RFC assessment on "all of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. 1996); *see also Nguyen*, 172 F.3d at 34 (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations).

Additionally, it was not improper for the ALJ to rely on Dr. Minal Krishnamuthy's opinion. Once an ALJ properly rejects the opinion of a treating physician, the ALJ may give greater weight to the opinion of an agency examiner or reviewer. *Dixon v. Astrue*, No. 5:09cv320/RS/EMT, 2010 WL 4942141, at *15 (N.D. Fla. Oct. 26, 2010). As discussed above, the ALJ properly determined that good cause existed to give no weight to Dr. Shuster's opinion. Further, the ALJ articulated his reasoning for giving great weight to the opinion of Dr. Krishnamuthy when he stated that the opinion was well supported by the record as a whole. Accordingly, the undersigned finds the ALJ did not err in weighing the opinion evidence.

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the ALJ that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. The Commissioner's decision is hereby **AFFIRMED** pursuant to sentence four

of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file.  Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of September, 2013.

_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record